UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **STEPHANIE MCKNIGHT** | * | **DOCKET NO. 07-0030** |
| **VERSUS** | * | **JUDGE JAMES** |
| **MADISON PARISH SCHOOL BOARD, ET AL.** | * | **MAGISTRATE JUDGE HAYES** |

### ORDER

Before the undersigned magistrate judge are motions for "Time Extension" [doc. # 11] and for "US Marshal Assistance" [doc. # 12] filed by *pro se* plaintiff, Stephanie McKnight. The former motion seeks a 90 day extension of time to perfect service and the latter petitions the court to direct the U. S. marshal to serve defendants.

The federal rules provide that at the request of plaintiff, "the court *may* direct that service be effected by a United States marshal, deputy United States marshal, or other person . . ." Fed.R.Civ.P. 4(c)(2) (emphasis added). Plaintiff's motivation for requesting service by a United States marshal is to avoid contact with defendants and because she has been unable to locate defendant Michael Johnson. The undersigned observes, however, that there are other means available to plaintiff that are potentially more efficient and cost effective than service by the marshal – *e.g.* Rule 4(d)'s waiver of service provisions. Fed.R.Civ.P. 4(d).[1] Rule 4(d) provides in pertinent part that "an individual, corporation, or association that is subject to service under [Rule 4](e), (f), or (h) and that receives notice of an action in the manner provided in [Rule 4(d) ]

---

[1] An online link to the Federal Rules of Civil Procedure may be found at http://www.uscourts.gov/rules/newrules4.html.

has a duty to avoid unnecessary costs of serving the summons." Fed. R. Civ. P. 4(d)(2). Any defendant that fails to comply with a request for waiver is, in the absence of good cause, subject to the imposition of costs subsequently incurred to effect service. *Id*.

Accordingly, plaintiff is hereby directed to notify the defendants "of the commencement of the action and request that the defendant[s] waive service of a summons." *Id*.[2] Plaintiff shall issue the notice and request in accordance with ¶¶ (A)-(G) of Federal Rule of Civil Procedure 4(d)(2).[3] Should defendants refuse to waive service, then plaintiff may retain a private process server to serve defendants and petition the court for recovery of costs from defendants after service is effected.[4]

The undersigned also notes that, even if the court were to grant the motion for service by the U.S. Marshal, the plaintiff would still have to provide an address for service of defendant Michael Johnson in order for the Marshal to serve him. If defendant Johnson has a legal representative, then that person should be able to supply a current address for him.

For the above-assigned reasons,

Plaintiff's "Motion for US Marshal Assistance" [doc. # 12] is hereby DENIED.

---

[2] In her certificates of service, plaintiff identified names and addresses for serving defendants.

[3] An online link to the Federal Rules of Civil Procedure may be found at http://www.uscourts.gov/rules/newrules4.html. For purposes of ¶ (D), the plaintiff is directed to the Waiver of Service of Summons form found at http://www.lawd.uscourts.gov/Court_Operations/Forms/ao399.pdf. If plaintiff is unable to obtain an online copy of Rule 4 or the Waiver of Service of Summons form, she may obtain a copy from the Clerk of Court.

[4] The court notes that plaintiff is not proceeding *in forma pauperis*, and thus should be able to afford service by a private process server.

Plaintiff's "Motion for Time Extension" [doc. # 11] is GRANTED, and plaintiff is afforded an additional 90 days, or until February 14, 2008, to perfect and file returns of service as to all defendants.

    IT IS SO ORDERED.

    THUS DONE AND SIGNED in Chambers at Monroe, Louisiana, this 14th day of November, 2007.

                  KAREN L. HAYES
                  U. S. MAGISTRATE JUDGE