# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | | |
|---|---|---|
| **STEPHANIE MCKNIGHT** | : | **DOCKET NO. 07-0030** |
| **VS.** | : | **JUDGE JAMES** |
| **MADISON PARISH SCHOOL BOARD, ET AL.** | : | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Plaintiff, Stephanie McKnight, filed the above-captioned suit on January 5, 2007, against defendants, Madison Parish School Board, Michael A. Johnson, and ABC Insurance Company.[1] Three months after McKnight filed suit, her attorney withdrew from the case; since then, she has proceeded pro se. On July 25, 2007, the Clerk of Court issued a notice of intent to dismiss for failure to prosecute. (*See*, doc. # 9). The notice stated that the case was subject to dismissal if plaintiff did not show cause within ten calendar days for her failure to perfect service against defendants. *Id*. In response, plaintiff filed the first of six motions for extension of time to serve defendants. (*See e.g.*, August 3, 2007, Motion). Plaintiff's latest motion for extension of time to serve defendants expired on August 15, 2008. (*See*, July 29, 2008, Oral Order). To date, the docket sheet does not contain a return of service for defendant Michael Johnson.[2]

## LAW AND ANALYSIS

In the absence of good cause, the Federal Rules of Civil Procedure provide for dismissal of an unserved defendant when, as here, service is not perfected within 120 days after suit is

---

[1] Plaintiff has since substituted Lexington Insurance Company and National Union Fire Insurance Company for fictitious defendant, ABC Insurance Company.

[2] Defendant, Madison Parish School Board waived service and filed responsive pleadings.

filed. Fed.R.Civ.P. 4(m). The instant case is over nineteen months old, and the latest extension of time to serve defendant, Johnson, has expired. For more than one year, the court has granted numerous extensions of time for plaintiff to serve Johnson and there is currently no expectation or reasonable likelihood that another extension will prove any more successful than the prior extensions. At this juncture, plaintiff has not demonstrated good cause for her continued failure to serve defendant, Johnson.[3]

For the foregoing reasons,

**IT IS RECOMMENDED** that plaintiff's claims against defendant, Michael A. Johnson, be **DISMISSED**, without prejudice. LR 41.3W, Fed.R.Civ.P. 4(m).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED**

---

[3] "To establish good cause, a litigant must demonstrate 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Systems Signs Supplies v. United States Dep't of Justice*, 903 F.2d 1011 (5th Cir. 1990). Moreover, "the claimant must make a showing of good faith and establish 'some reasonable basis for noncompliance within the time specified.'" *Id.* (quoting 4A C. Wright & A. Miller, Federal Practice and Procedure § 1165, at 480 (2d ed. 1987)).

While the court is acutely aware of plaintiff's *pro se* status, "'the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

**FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 19th day of August, 2008.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE