# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | | |
|---|---|---|
| **STEPHANIE MCKNIGHT** | : | **DOCKET NO. 07-0030** |
| **VS.** | : | **JUDGE JAMES** |
| **MADISON PARISH SCHOOL BOARD, ET AL.** | : | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Plaintiff, Stephanie McKnight, filed the above-captioned suit on January 5, 2007, against defendants, Madison Parish School Board, Michael A. Johnson, and ABC Insurance Company. Three months after McKnight filed suit, her attorney withdrew from the case; since then, she has proceeded pro se. On May 12, 2008, plaintiff amended her complaint to substitute two insurance companies, Lexington Insurance Co. and National Union Fire Insurance Co., for the fictitious defendant, ABC Insurance Company.

On October 21, 2008, the undersigned observed that the docket sheet did not reflect returns of service for the substituted defendants, Lexington Insurance Co. and National Union Fire Insurance Co. (October 21, 2008, Notice of Intent to Dismiss). As a result, the court notified plaintiff that it was considering dismissing defendants, Lexington Insurance Co. and National Union Fire Insurance Co., because plaintiff had not effected service of process against them within 120 days after joinder. *See*, LR. 41.3W; FRCP 4(m). Plaintiff was accorded 15 calendar days to file the returns of service as to said defendants, or to file evidence of good cause for failure to timely perfect same. To date, plaintiff has not filed returns of service for the foregoing defendants or otherwise explained her failure to do so.

## LAW AND ANALYSIS

In the absence of good cause, the Federal Rules of Civil Procedure provide for dismissal of an unserved defendant when service is not perfected within 120 days after suit is initiated against the defendant. *See*, Fed.R.Civ.P. 4(m). Plaintiff joined defendants, Lexington Insurance Co. and National Union Fire Insurance Co., almost seven months ago. There is currently no expectation or reasonable likelihood that she intends to perfect service against these defendants. *Contrast, Millan v. USAA General Indem. Co.*, 546 F.3d 321 (5th Cir. 2008). Plaintiff also has not demonstrated any basis which would establish good cause for her failure to timely effect service.[1]

For the foregoing reasons,

**IT IS RECOMMENDED** that plaintiff's claims against defendants, Lexington Insurance Co. and National Union Fire Insurance Co., be **DISMISSED**, without prejudice. LR 41.3W, Fed.R.Civ.P. 4(m).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten**

---

[1] "To establish good cause, a litigant must demonstrate 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Systems Signs Supplies v. United States Dep't of Justice*, 903 F.2d 1011 (5th Cir. 1990). Moreover, "the claimant must make a showing of good faith and establish 'some reasonable basis for noncompliance within the time specified.'" *Id.* (quoting 4A C. Wright & A. Miller, Federal Practice and Procedure § 1165, at 480 (2d ed. 1987)).

While the court is acutely aware of plaintiff's *pro se* status, "'the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

**(10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 4th day of December, 2008.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE