UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **STEPHANIE MCKNIGHT** | * | **DOCKET NO. 07-0030** |
| **VERSUS** | * | **JUDGE JAMES** |
| **MADISON PARISH SCHOOL BOARD, ET AL.** | * | **MAGISTRATE JUDGE HAYES** |

**ORDER**

Before the undersigned magistrate judge is a "Motion for Extension of Time" [doc. # 54] filed by pro se plaintiff Stephanie McKnight. Following the requisite delay for responsive briefing, the matter is now before the court.[1] For reasons set forth below, plaintiff's motion [doc. # 54] is **GRANTED in part, DENIED in part, and DENIED as moot in part**.[2]

1) Additional Time to Present Motions

Due to her health condition, plaintiff seeks an extension of time to present motions. Presumably, she seeks to extend the February 20, 2009, dispositive motion deadline. Plaintiff's request is **GRANTED; the dispositive motion deadline is hereby extended until March 20, 2009.**

2) Permission to Contact Federal Employees

Plaintiff seeks permission to contact witnesses notwithstanding their "federal" employment status. Specifically, she seeks authority to "question a witness who [sic] would have

---

[1] Defendant did not file an opposition.

[2] As this matter is not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this order is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

made contact to denote my complaint over the deposition." The court however has not prohibited plaintiff from contacting federal employees. Rather, she is only restricted from contacting chambers without opposing counsel being present. (*See*, Minutes of Status Meeting/Motion Hearing [doc. # 42]). Accordingly, plaintiff's request for permission to contact federal employees is **DENIED, as moot**.

      3) <u>Permission to Contact Defense Counsel in Writing</u>

Plaintiff seeks permission to contact defense counsel, in writing, regarding discovery issues. She contends that a protective order prohibits her from contacting opposing counsel. No such order exists, however. The undersigned merely limited plaintiff's contact with defense counsel to written correspondence, via U.S. Mail. (*See*, Minutes of Status Meeting/Motion Hearing [doc. # 42]).[3] Accordingly, plaintiff's request for permission to contact defense counsel in writing via U.S. Mail is **DENIED as moot**.

Nonetheless, because plaintiff's health issues and perceived inability to contact defense counsel likely affected her discovery efforts, the court hereby extends: **1) the deadline for serving written discovery until February 10, 2009; 2) the discovery completion deadline until March 18, 2009; and 3) the motion to compel deadline until March 2, 2009.**

Plaintiff is reminded that any written interrogatories, requests for production, or requests for admission must comply with the applicable federal rules. *See e.g.*, Fed.R.Civ.P. 33, 34, and 36.[4] If plaintiff wishes to take a deposition(s), she must properly notice it and arrange for a court

---

[3] Plaintiff further contends that she needs copies of transcripts – presumably from her deposition. However, defense counsel has already provided her with a copy of her deposition transcript. (Minutes of Status Meeting/Motion Hearing [doc. # 42]).

[4] Also, Local Rule 33.1W limits parties to 25 interrogatories in the aggregate without leave of court. LR 33.1W. Each subpart of an interrogatory counts as an additional

reporter, at her expense. *See*, Fed.R.Civ.P. 30.

     4) Recusal

Due to perceived bias, plaintiff seeks to have this matter reassigned from the undersigned magistrate judge to "Judge Harris." The court construes plaintiff's request as a motion to recuse the undersigned magistrate judge pursuant to 28 U.S.C. §§ 144 and/or 455. At a minimum, however, a motion to recuse under § 144 requires an affidavit establishing that the judge has a personal, as opposed to judicial, bias against the party. *See, Knighten v. John*, 115 Fed. Appx. 669 (5th Cir. Oct. 14, 2004) (unpubl.). Plaintiff has not made that showing here. Moreover, the undersigned is not aware of any basis for recusal on the basis of personal bias or prejudice. *See*, 28 U.S.C. § 455. Rather, the court has made every effort to accommodate plaintiff in light of her health conditions and pro se status. Accordingly, plaintiff's motion to recuse is **DENIED**. *See, Crawford v. U.S. Dept. of Homeland Security*, 245 Fed. Appx. 369, 383 (Aug. 16, 2007) (unpubl.).

     IT IS SO ORDERED.

     THUS DONE AND SIGNED in Chambers at Monroe, Louisiana, this 28th day of January, 2009.

                                KAREN L. HAYES
                                U. S. MAGISTRATE JUDGE

---

interrogatory. *Id*. A party may petition the court to exceed the 25 interrogatory limitation upon good cause shown. *Id*.